IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GUILLERMO L. COLOCHO,

    Plaintiff,

vs.                                                                                                 Civ. No. 00-644 WWD/DJS

THE PAUL REVERE LIFE INSURANCE COMPANY,

    Defendant.

MEMORANDUM OPINION AND ORDER

      This matter comes before the Court upon Defendant's Motion to Exclude Expert Testimony [docket no.39] filed December 19, 2000. Defendant contends that Barbara Paull, a "bad faith" expert, is not qualified as an expert witness on the subject of her proposed opinions. In support of its motion, Defendant cites several cases, including *Thompson v. State Farm Fire and Casualty Co.*, 34 F.3rd 932, 941 (10th Cir. 1994). In *Thompson*, a "bad faith" expert witness was excluded. The *Thompson* court pointed out that the witness had not been included on the Plaintiff's witness list and that the act under which the lawsuit was brought did not create a private right of action which circumstance cast "a cloud on the relevance (and hence the admissibility) of any testimony (expert or otherwise) in that respect under Fed. R. Evid. 402 (*United States v. Gallegos*, 974 F.2d 710, 711-12 (10th Cir. 1992))." 34 F.3rd 932 at 941. The circumstances involved here are manifestly different than those in *Thompson*.

      Clearly the question as to whether the proposed testimony would "assist the trier of fact" or whether it would be a "needless presentation" is determined within the trial court's discretion.

-1-

I do not view the assertions made in Barbara J. Paull's report as being "nothing more than legal conclusions dressed up as 'expert opinion'". The duties referred to are apparently tied to the International Claims Association's statement of principles and point to industry practices more than legal conclusions. Certainly some of Barbara Paull's conclusions may require corroboration or be inadmissible; however, in exercising my function as a gatekeeper under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 113 S.Ct. 2786 (1993) and its progeny, I find that I am able to make a sufficient preliminary assessment to determine that Barbara Paull is qualified to state certain expert opinions in connection with the insurance industry, and that such testimony would be of assistance to the jury in determining whether Defendant acted in good or bad faith.

**WHEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Exclude Expert Testimony [39] be, and it is hereby, DENIED.

_____
UNITED STATES MAGISTRATE JUDGE